IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN D. TIGGS, JR.,

                Plaintiff,

       v.

TIMOTHY DOUMA, Asst. Warden Security,
Columbia Correctional Institution; and
BRIAN MARTIN, Supervising Lieutenant,
Columbia Correctional Institution,

                Defendants.

ORDER

00-cv-79-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN D. TIGGS, JR.,

                Plaintiff,

       v.

HON. ALLAN B. TORHORST, Judge,
Racine County Circuit Court; WILLIAM
McREYNOLDS, Sheriff, Racine County
Jail; and T. GRAVES,

                Defendants.

ORDER

00-cv-420-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A'KINBO JIHAD-SURU HASHIM; a.k.a

1

JOHN D. TIGGS, JR., and ALL SIMILARLY
CIRCUMSTANCED INMATES,

                                    ORDER

                Plaintiff,

                           01-cv-266-bbc

       v.

SECRETARY JON E. LITSCHER,
WARDEN GERALD A. BERGE,
RECORD CUSTODIAN YVETTEE
DUESTERBECK, SECURITY CAPTAIN
REED RICHARDSON, INSTITUTION
COMPLAINT EXAMINER JULIE M. BIGGAR,
SOCIAL WORKER RON EDWARDS,
MAILROOM OFFICER T. BAST, PROGRAM
ASSISTANT KELLY COON and SGT. B. BROWN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A-KINBO JIHAD-SURU HASHIM a/k/a JOHN
D. TIGGS, JR.; EZRA C. MARTIN, DEMETRIUS
L. ROBERTSON; DANIEL L. SMITH; RONALD E. JACKSON;
AL ROY CURTIS; DERRICK SANDERS; ERIC M.
WASHINGTON; DONALD C. LEE; MICHAEL S.
JOHNSON; JAMES PRICE; RUFUS LYNCH;
TONY EPPENGER; MICHAEL A. SCIORTINO;
ROBERT E. SALLIE; RAYNARD JACKSON;
CORNELIOUS MADDOX; AMOS T. CRAIG;
TIMOTHY REED; SAMMY J. GATES;
JONATHAN P. COLE; EZRA C. MARTIN, JR.;
 RODOSVALDO POZO;                        ORDER
NORMAN C. GREEN, JR.; EUGENE CHERRY;
STANLEY FELTON; LAMONT BROWN; DENNIS JONES-EL,    01-cv-314-bbc
GLENN TURNER; and ALPHONCY DANGERFIELD,

                Plaintiffs,

v.

WARDEN GERALD A. BERGE and
ATTORNEY GENERAL JAMES E. DOYLE, JR.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner A'Kinbo J.S. Hashim, formerly known as John D. Tiggs, Jr., has filed a document that he calls "Application for District Court to Review and Remove 'Strikes' Recorded Under 28 U.S.C. § 1915(g)" in these four cases, all of which were closed in 2000 or 2001. Section 1915(g) places limitations on a prisoner's ability to litigate cases in forma pauperis in federal court, a status that allows the prisoner to pay the filing fee in installments rather than all at once. If three or more cases or appeals filed by the same prisoner are dismissed by a federal court because the case is "frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner must prepay the full filing fee in any new case that he files "unless the prisoner is under imminent danger of serious physical injury."

In each of these cases, I dismissed all of plaintiff's claims because I concluded that they were frivolous or failed to state a claim upon which relief may be granted. As a result, I recorded a "strike" under § 1915(g) in each case. Plaintiff appealed case nos. 00-c-79-c, 00-c-420-c and 01-c-266-c, but the Court of Appeals for the Seventh Circuit dismissed each appeal for plaintiff's failure to pay the appellate filing fee. Plaintiff did not appeal no. 01-c-314-c. (Four other prisoners appealed that case and the Court of Appeals for the Seventh Circuit affirmed this court's decision. Green v. Berge, 354 F.3d 675 (7th Cir. 2004).)

In his motion, plaintiff argues that I erred in assessing strikes in each of these cases

and he asks for an order "absolving" the strikes.  He relies on Fed. R. Civ. P. 60(b)(5) and (b)(6), which allow a court to modify a judgment if "applying it prospectively is no longer equitable" or for "any other reason that justifies relief."  Having reviewed the motion, I conclude that I cannot grant plaintiff the relief that he requests.

As an initial matter, it is not clear that the relief plaintiff seeks can be granted by this court.  In Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002), the court of appeals stated that the decision whether a prisoner has three strikes under § 1915(g) "must be determined by the court in which the fourth action is filed."  Id. at 761-62.  Although a district court dismissing a prisoner's lawsuit may record a strike under § 1915(g), the court of appeals stated that such a "notation is no more than a housekeeping matter."  Id. at 761.  In other words, the decision to record a strike may assist a later court in deciding whether § 1915(g) applies, but the earlier court's assessment does not *bind* the court in which the fourth action is filed.

It appears that case no. 01-c-314-c was plaintiff's fourth action, but I never determined in that case whether plaintiff had three strikes because I dismissed 01-c-266-c (and recorded plaintiff's third "strike") *after* plaintiff filed case no. 01-c-314-c and was granted leave to proceed in forma pauperis.  Further, plaintiff did not appeal case no. 01-c-314-c, so I did not need to determine whether plaintiff qualified to proceed in forma pauperis on appeal.  Plaintiff has not filed any civil actions in this court since I dismissed case no. 01-c-314-c.  (Plaintiff filed a habeas petition in 2013, case no. 13-cv-65-bbc, but § 1915(g) does not apply to habeas petitions.  Walker v. O'Brien, 216 F.3d 626, 633-34 (7th

4

Cir. 2000).)

Plaintiff notes that he filed a civil action in the Eastern District of Wisconsin in 2014 and that the court denied his request to proceed in forma pauperis in that case in light of the dismissals in case nos. 00-c-79-c, 00-c-420-c and 01-c-266-c.  Hashim v. Hamblin, No. 14-cv-1265-LA (E.D. Wis. Dec. 18, 2014).  If the case in the Eastern District is the first case in which a court determined that § 1915(g) applies to plaintiff, then that is the decision that may be binding on other federal courts if plaintiff files additional civil actions in the future.

Even if a prisoner could use Rule 60 to challenge a court's decision to record a "strike" under § 1915, I would deny plaintiff's motion.  A party must bring a Rule 60(b) motion "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  The rulings plaintiff is challenging are approximately 15 years old, but plaintiff does not identify any reason that he could not have sought reconsideration many years ago.  For example, plaintiff does not argue that there have been any changes in the law undermining this court's decisions since they were issued.  Further, plaintiff's argument is that I erred as a matter of law in assessing strikes, but that is not an argument that can be raised in a Rule 60 motion because plaintiff could have raised that issue in an appeal.  Gleash, 308 F.3d at 761 ("[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier.").

ORDER

IT IS ORDERED that the "Application for District Court to Review and Remove 'Strikes' Recorded Under 28 U.S.C. § 1915(g)" filed by plaintiff A'Kinbo J.S. Hashim, formerly known as John D. Tiggs, Jr., is DENIED.

Entered this 30th day of November, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6