IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN D. TIGGS, JR.,

                Plaintiff,

      v.

TIMOTHY DOUMA, Asst. Warden Security,
Columbia Correctional Institution; and
BRIAN MARTIN, Supervising Lieutenant,
Columbia Correctional Institution,

                Defendants.

ORDER

00-cv-79-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN D. TIGGS, JR.,

                Plaintiff,

      v.

HON. ALLAN B. TORHORST, Judge,
Racine County Circuit Court; WILLIAM
McREYNOLDS, Sheriff, Racine County
Jail; and T. GRAVES,

                Defendants.

ORDER

00-cv-420-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A'KINBO JIHAD-SURU HASHIM; a.k.a

1

JOHN D. TIGGS, JR., and ALL SIMILARLY
CIRCUMSTANCED INMATES,

                                     ORDER

              Plaintiff,

                                 01-cv-266-bbc

        v.

SECRETARY JON E. LITSCHER,
WARDEN GERALD A. BERGE,
RECORD CUSTODIAN YVETTEE
DUESTERBECK, SECURITY CAPTAIN
REED RICHARDSON, INSTITUTION
COMPLAINT EXAMINER JULIE M. BIGGAR,
SOCIAL WORKER RON EDWARDS,
MAILROOM OFFICER T. BAST, PROGRAM
ASSISTANT KELLY COON and SGT. B. BROWN,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A-KINBO JIHAD-SURU HASHIM a/k/a JOHN
D. TIGGS, JR.; EZRA C. MARTIN, DEMETRIUS
L. ROBERTSON; DANIEL L. SMITH; RONALD E. JACKSON;
AL ROY CURTIS; DERRICK SANDERS; ERIC M.
WASHINGTON; DONALD C. LEE; MICHAEL S.
JOHNSON; JAMES PRICE; RUFUS LYNCH;
TONY EPPENGER; MICHAEL A. SCIORTINO;
ROBERT E. SALLIE; RAYNARD JACKSON;
CORNELIOUS MADDOX; AMOS T. CRAIG;
TIMOTHY REED; SAMMY J. GATES;
JONATHAN P. COLE; EZRA C. MARTIN, JR.;
 RODOSVALDO POZO;                           ORDER
NORMAN C. GREEN, JR.; EUGENE CHERRY;
STANLEY FELTON; LAMONT BROWN; DENNIS JONES-EL,    01-cv-314-bbc
GLENN TURNER; and ALPHONCY DANGERFIELD,

              Plaintiffs,

2

v.

WARDEN GERALD A. BERGE and
ATTORNEY GENERAL JAMES E. DOYLE, JR.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner A'Kinbo J.S. Hashim, formerly known as John D. Tiggs, Jr., has filed a motion for reconsideration of this court's November 30, 2015 decision denying his motion under Fed. R. Civ. P. 60(b) to "remove" strikes that he received under 28 U.S.C. § 1915(g) in these four cases, all of which I dismissed as legally frivolous or for failure to state a claim upon which relief may be granted.  In the November 30 decision, I denied plaintiff's request for three reasons.

First, under Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002), a court's assessment of a "strike" has no legal effect until that court or a different court determines that a prisoner has "struck out," meaning that three or more of that prisoner's civil cases in federal court have been dismissed for one of the reasons listed in § 1915(g).  At that point, the prisoner must prepay the full filing for his civil cases unless he is in imminent danger of serious physical injury.  For reasons explained in the November 30 order, I never determined that plaintiff "struck out" under § 1915(g).  Rather, that decision was made by a different court in Hashim v. Hamblin, No. 14-cv-1265-LA (E.D. Wis. Dec. 18, 2014).  Under Gleash, my decision to issue strikes in these cases was not binding on the court in Hashim; that court made its own determination.  Thus, if plaintiff believed that the other court erred in applying § 1915(g) to him, he needed to seek relief with that court.

3

Second, to the extent plaintiff was contending that I erred in concluding that his cases were frivolous or failed to state a claim upon which relief may be granted, he could not obtain relief under Rule 60.  "[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of *factual* information that comes to light only after the judgment, and could not have been learned earlier." Gleash, 308 F.3d at 761 (emphasis added).  Because plaintiff did not identify any new facts in his motion, he could not rely on Rule 60.

Third, a party must bring a Rule 60(b) motion "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  These cases are more than 15 years old, but plaintiff did not identify any reason he could not have filed his motion sooner.

I understand plaintiff to be seeking reconsideration of the November 30 decision on four grounds: (1) Gleash is not on point because plaintiff is not trying to proceed in forma pauperis in any cases right now; (2)  under Coleman v. Tollefson, 135 S. Ct. 1759 (2015), this court was required to give plaintiff a "notification and a chance to withdraw his pleading before entry of a § 1915(g) strike," but the court failed to do that; (3) several cases from other circuits "eviscerate the prospective application of the § 1915(g) portions of [this court's] decisions"; and (4) § 1915(g) is unconstitutional unless it is interpreted as requiring strikes only when the prisoner knowingly files a frivolous case or otherwise "intentional[ly] abuses . . . the judicial system."  None of these arguments support a different result.

First, I am not persuaded by the argument that the holding in Gleash applies only if the prisoner has a pending request to proceed in forma pauperis.  Regardless whether

4

plaintiff is seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u> *now*, the inability to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under § 1915 is the only legal effect that a strike under § 1915(g) has.  Thus, plaintiff is either trying to reestablish his eligibility under § 1915 for future cases or he is conceding that he does not plan on filing any civil cases in federal court in the future, which means that his strikes have no legal effect.  If plaintiff is trying to reestablish his eligibility, then <u>Gleash</u> still applies.  If plaintiff does not plan on filing any more lawsuits, then he is not being harmed by § 1915(g) and he does not have standing to challenge his strikes.

Second, plaintiff's reliance on <u>Coleman</u> is puzzling.  The holding in that case was that "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit <u>in</u> <u>forma</u> <u>pauperis</u> while his appeal of one such dismissal is pending." <u>Coleman</u>, 135 S. Ct. at 1765.  I see no language in the opinion that requires courts to warn prisoners and give them an opportunity to withdraw their complaint before receiving a strike.

Third, plaintiff fails to explain how any of the cases from other circuits support his argument.  In my own review of those cases, I did not uncover anything helpful. <u>Tafari v. Hues</u>, 473 F.3d 440, 443 (2d Cir. 2007) (appeal does not warrant strike simply because it is premature); <u>Mayfield v. Texas Dept. of Criminal Justice</u>, 529 F.3d 599, 617 (5th Cir. 2008) (reversing district court's dismissal of various claims involving a prisoner's free exercise of religion and vacating decision to assess "strike"); <u>O'Neal v. Price</u>, 531 F.3d 1146, 1155 n.9 (9th Cir. 2008) (noting decisions by other courts that procedural defects may not count as "strikes" under § 1915(g)); <u>Jennings v. Natrona County Detention Center Medical</u>

5

<u>Facility</u>, 175 F.3d 775, 779 (10th Cir. 1999) (dismissal of habeas petition does not count as "strike").  In any event, none of those cases are binding on this court.

Fourth, plaintiff's argument that § 1915(g) is unconstitutional unless it is liberally construed is foreclosed by precedent.  In <u>Lewis v. Sullivan</u>, 135 F. Supp. 2d 954 (W.D. Wis. 2001), I concluded that § 1915(g) was unconstitutional, but the Court of Appeals for the Seventh Circuit reversed that decision on the ground that "there is no constitutional entitlement to subsidy."  <u>Lewis v. Sullivan</u>, 279 F.3d 526, 528 (7th Cir. 2002).  Thus, even if I agreed with plaintiff, I would be bound by <u>Lewis</u>.

Finally, none of plaintiff's arguments undermine my conclusion that plaintiff failed to bring his motion within a reasonable time, as required by Rule 60(c)(1).  Accordingly, I am denying his motion for reconsideration.


ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiff  A'Kinbo J.S. Hashim, formerly known as John D. Tiggs, Jr., is DENIED.

Entered this 8th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6